FILED
United States Court of Appeals
Tenth Circuit

May 29, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY EUGENE KEYES,

    Defendant - Appellant.

No. 07-1506

(D. Colorado)

(D.C. No. 1:07-CV-00867-LTB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Randy Eugene Keyes pleaded guilty in the United States District Court for the District of Colorado to possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). He was sentenced on January 20, 2006, to a term of 70 months' imprisonment, and judgment was entered on January 30. On April 26, 2007, Mr. Keyes filed a motion for relief under 28 U.S.C. § 2255. Relying on *Lopez v. Gonzales*, 127 S. Ct. 625, decided on December 5, 2006, he asserted that the district court erroneously considered his conviction in Nevada as the predicate offense for his § 922(g)(1) conviction. The district court dismissed the motion as time-barred. *See* 28 U.S.C. § 2255(f)(1). Mr. Keyes now seeks a certificate of appealability (COA) to appeal the district court's ruling. *See id.* § 2253(c)

(requiring COA to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

Under 28 U.S.C. § 2253(c)(2), a COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the prisoner must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the § 2255 motion was denied on procedural grounds, the movant faces a double hurdle. Not only must the movant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.*

The district court was clearly correct in ruling that Mr. Keyes's motion was time-barred. The statute of limitations for motions under § 2255 states, in pertinent part:

(f) A 1-year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of—
　　　(1) the date on which the judgment of conviction becomes final; [or]
　　　. . .
　　　(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(1) & (3). Mr. Keyes does not contest that his motion was filed more than one year after his judgment of conviction became final. Judgment was entered on January 30, 2006, and became final on February 13, the end of the period when he could have appealed his conviction. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1) (notice of appeal must be filed within 10 days of the entry of the judgment of conviction). His § 2255 motion was filed more than a year later, on April 26, 2007.

Therefore, Mr. Keyes's § 2255 motion was untimely unless he can rely on § 2255(f)(3). He contends that his case is governed by the Supreme Court's decision in *Lopez*, which was handed down less than a year before he filed his § 2255 motion. But *Lopez* does not satisfy the requirements of § 2255(f)(3). To begin with, the Supreme Court has not ruled that *Lopez* applies retroactively to

cases on collateral review. Furthermore, and perhaps more importantly, *Lopez* provides Mr. Keyes with no new right. The statute under which Mr. Keyes was convicted does not use the term *felony*, but simply prohibits possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. §922(g)(1); *see United States v. Norris*, 319 F.3d 1278, 1283 (10th Cir. 2003) ("What . . . matter[s] is that under the law of the jurisdiction where the proceedings were held, at the time of those proceedings, [the defendant] had committed an offense punishable by more than one year."). *Lopez*, however, concerned different language in a different statute. It construed the term "felony punishable under the Controlled Substances Act" in 18 U.S.C. § 924(c)(2). *See Lopez*, 127 S. Ct. at 627–628. Thus, the holding in *Lopez* is irrelevant to Mr. Keyes's conviction. Because § 2255(f)(3) has no application to Mr. Keyes's § 2255 motion, his motion was properly dismissed as untimely.

We AFFIRM the district court's denial of relief and DISMISS this appeal. We also DENY Mr. Keyes's pending motions for clarification and limited remand.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-